## FORM TO BE USED BY A FEDERAL PRISONER IN FILING A PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. SECTION 2241

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5: 00 HC 913 BO
(leave this space blank)

DEC 1 - 2000

John Gerald Gerant
(enter full name of petitioner)

v.

Inmate Number   83044071 Gran - A

United States of America , Scott Dodrill, Warden, FCI Butner, North Carolina
(enter full name of respondent)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1. **Place of detention**  Federal Correctional Institution, Butner, North Carolina

2. **Name and location of court which imposed sentence**  United States District Court for the District of Maryland at Baltimore

3. **List the indictment number(s) (if known) upon which sentence was imposed and the offense(s) for which sentence was imposed**  Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine and Marijuana in violation of 21 U.S.C. section 846; Continuing Criminal Enterprise in violation of 21 U.S.C. section 848; Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. section 841(a)(1); and Aiding and Abetting in violation of 18 U.S.C. section 2.   Conviction for Conspiracy was subsequently reversed.

4. **Give the date upon which sentence was imposed and the terms of the sentence**

March 2, 1992; thirty-five years for the CCE conviction, twenty years to run concurrently on the conspiracy count, and twenty years on each of the three distribution counts.

5. Check whether a finding of guilty was made

    ☐ After a plea of guilty

    ☒ After a plea of not guilty

    ☐ After a plea of <u>nolo</u> <u>contenders</u>

6. If you were found guilty after a plea of not guilty, check whether that finding was made by   ☒ a jury

    ☐ a judge without a jury

7. Did you appeal from the judgment of conviction or the imposition of the sentence?

    ☒ yes                     ☐ no

8. If you answered "yes" to #7, list:

    (a) the name of each court to which you appealed:

        (1)   United States Court of Appeals for the Fourth Circuit

        (2)

        (3)

    (b) the result in each court to which you appealed, and the date of each such result:

        (1)  conviction and sentence were upheld on

        (2)

        (3)

    (c) if known, the citations of any written opinion(s) or order(s) entered pursuant to such results:

        (1)

        (2)

        (3)

9. State concisely the ***grounds*** on which you base your allegations that you are being held in custody unlawfully.

1. Pursuant to Richardson v. United States, Gerant's conviction and sentence for an allegedC CCE violation is unconstitutional as the required elements for a CCE finding are not in the three agreed upon violations that make up the "continuing series" found by the jury.

2. Pursuant to United States v. Gaudin and Apprendi v. New Jersey, Gerant's constitution al rights were violated where the question of whether Gerant had materially breached the agreement between he and the Government was not submitted to the jury.

10. State concisely and in the same order the *facts* which support each of the grounds set out in #q

Please see Memorandum In Support Of Petition For Writ Of Habeas Corpus Pursuant To 28 U.S.C. Section 2241.

11. Have you previously filed petitions for habeas corpus, motions under 28 U.S.C. §
2255, or any other applications, petitions or motions with respect to this conviction?

     ☑ yes                    ☐ no

12. If you answered "yes" to #11, list each petition, motion or application.

   (a) The specific nature thereof:

        **(1)** 28 U.S.C. section 2255 Motion

        **(2)** 28 U.S.C. section 2255 Appeal

        **(3)** Petition for Rehearing

   (b) The name and location of the Court in which each was filed:

        **(1)** United States District Court for the District of Maryland at Baltimore

        **(2)** United States Court of Appeals for the Fourth Circuit

        **(3)** United states Court of Appeals for the Fourth Circuit

   (c) The disposition and date of each such disposition:

        **(1)** conspiracy conviction was vacated and all others upheld; September 9, 1997

        **(2)** conviction and sentence upheld; September 23, 1999

        **(3)** denied; December 28, 1999

   (d) The citations, if known, of any written opinion(s) or order(s) entered pursuant
to each such disposition:

        (1)

        (2)

        (3)

13. If you did not file a motion under 28 U.S.C. § 2255, or if you filed such a motion and
it was denied, state why your remedy by way of such motion is inadequate or ineffective
to test the legality of your detention:

14. Has any ground set forth in #9 been previously presented to this court or any other federal court by way of application for habeas corpus, motion under 28 U.S.C. § 2255, or any other petition, motion or application?

      ☒ yes                                    ☐ no


15. If you answered "yes" to #14, identify:

    (a) which grounds have been previously presented:

        (1) Constitutional violation caused by acts constituting a "continuing series" not containing the required elements of CCE.
        (2) Constitutional violation caused by failure to allow jury to determine
        (3) whether alleged breach of agreement was material.

    (b) the proceeding in which each ground was raised:

        (1) section 2255 Motion, section 2255 Appeal, Petition for Rehearing
        (2) section 2255 Motion, section 2255 Appeal, Petition for Rehearing
        (3)

16. Were you represented by an attorney at any time during the course of

    (a) your arraignment and plea?    ☒ yes    ☐ no

    (b) your trial, if any?    ☒ yes    ☐ no

    (c) your sentence?    ☒ yes    ☐ no

(d)  your appeal, if any, from the judgment or conviction or the imposition of

sentence?                                          ☐ yes        ☐ no

(e)  preparation, presentation or consideration of any petitions, motions or

applications with respect to this conviction which you filed?   ☐ yes        ☒ no

17. If you answered "yes" to one or more parts of #16, list:

(a) the name and address of each attorney who represented you:

(1)  Byron L. Warnken, 12104 Faulkner Drive, Owings Mills, MD 21117-1259

(2)  E. Thomas Maxwell, Jr., 207 E. Redwood Street, Suite 800 , Baltimore
      MD 21202

(3)

(b) the proceedings at which each attorney represented you:

(1)  arraignment, plea, trial , and sentencing

(2)  appeal

(3)


Signed this _____ day of _____, 199__.


_____
Signature of Petitioner


**I declare under penalty of perjury that the foregoing is true and correct.**


_____        _____
Date                        Signature of Petitioner

# IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

| | | |
|---|---|---|
| **JOHN GERALD GERANT** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CASE NO. _____** |
| | § | |
| **SCOTT DODRILL,** | § | |
| **WARDEN, FCI BUTNER, NORTH** | § | |
| **CAROLINA; UNITED STATES OF** | § | |
| **AMERICA** | § | |
| | § | |
| **Respondent.** | § | |

---

## JOHN GERALD GERANT'S PETITION FOR
## WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. SECTION 2241

---

COMES NOW, Petitioner John Gerald Gerant, ("Gerant"), *pro se*, and respectfully petitions this Court for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, on grounds that his conviction and sentence were obtained in violation of the laws and Constitution of the United States, such that his present incarceration at FCI Butner, North Carolina is in violation of the laws and Constitution of the United States. In support thereof, Petitioner alleges as follows:

### I. OVERVIEW

This petition arises out of the prosecution of Gerant in the United States District Court for the District of Maryland at Baltimore, Cause No. CR-91-126-H, before the Honorable Alexander Harvey, II. Specifically, Gerant's prosecution in the case was unconstitutional, as his prosecution was the result of the Trial Court's finding that Gerant had materially breached a contract he had

entered into with the Government prior to being indicted. Pursuant to *United States v. Gaudin*, 115 S. Ct. 2310 (1995), the question of whether the alleged breach was material was to be decided by the *jury*, not the Trial Court. Further, pursuant to *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000), juries are to decide critical issues in a criminal case. Clearly whether any alleged violation of the contract was material, was a critical issue in Gerant's case.

Further, Gerant's conviction and sentence for an alleged violation of 21 U.S.C. § 848, continuing criminal enterprise ("CCE") is in violation of the laws and Constitution of the United States. Specifically, the United States Supreme Court ruled in *Richardson v. United States*, 526 U.S. 813, 119 S. Ct.1707, 1713, 143 L. Ed. 2d 985 (1999), that jurors must unanimously agree as to which three violations constitute the required series for CCE, which requires that the three agreed upon violations contain the remaining elements included in the CCE statute.

The crucial issue is "[w]hether the particular agreed-upon violations making up the continuing series must provide the basis for satisfying section 848's remaining elements - namely, that a defendant have acted in concert with and have supervised, organized, or managed at least five persons, and that he have derived substantial income or resources." *United States v. Escobar-De Jesus*, 187 F.3d 148, 161-62 (1st Cir. 1999).

However, in Gerant's case, *none* of the possession or distribution charges contained the remaining elements of CCE. Thus, the elements of the CCE statute were not met and Gerant's present incarceration is unlawful. Further, according to *Bousley v. United States*, 118 S. Ct. 1604, *Richardson* applies retroactively where the court decides the "meaning of a criminal statute enacted by Congress." Gerant was denied his right to due process as guaranteed by the Fifth Amendment

to the Constitution, and his present service of the CCE sentence constitutes cruel and unusual punishment in violation of the Constitution.

## II. PROCEDURAL HISTORY

The United States Government and Gerant entered into a written contract on or about February 5, 1987.[1] However, based on the Government's allegations that Gerant breached the agreement by making false statements, on or about April 24, 1991 an Indictment was returned charging Gerant with conspiracy to distribute and possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 846 (Count I), executing a continuing criminal enterprise in violation of 21 U.S.C. § 848 (Count II), and three counts of intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts III, IV and V).

The next day, counts III, IV and V of the Indictment, violations of §841(a)(1), were dismissed as they were outside the applicable statute of limitations. The Government filed a Superceding Indictment on June 12, 1991 charging Gerant with distribution of cocaine in three additional counts, all three of which were within the applicable statute of limitations.

Gerant requested specific performance of his agreement with the Government and moved to dismiss the Indictment. The Trial Court conducted a hearing on alleged material breaches of the agreement and in its Memorandum Opinion dated October 3, 1991, the Trial Court found by a

---

[1] The United States Government entered into both a written and oral contract with Gerant. This contract covered a number of years and many services; only one of which was the Silvers testimony in 1988. However, Gerant did not actually receive immunity under the contract by the Government because Gerant agreed to plead guilty to two tax charges and pay any and all back taxes and penalties. The Government suffered no harm from any alleged false statements regarding Steven Silvers (see page 8 herein). The only possible gain from the alleged false statements was, as Judge Harvey's opinion stated, to lower any tax exposure regarding money claims. However, the I.R.S. investigation continued subsequent to the Silvers testimony. As a result, any additional "money" information could be factored in by any investigator at any time, making a very punitive tax liability. Further, the agreement was still pending for these adjustments in April of 1991.

preponderance of evidence that Gerant breached the agreement and thus could be prosecuted. *See United States v. Gerant*, 775 F. Supp. 182 (D. Md. 1991), *aff'd*, 995 F.2d 505 (4th Cir. 1993).

After two weeks of hearing evidence at trial, a jury rendered a guilty verdict on all counts on January 16, 1992, judgment of conviction having been entered on March 2, 1992 by Judge Alexander Harvey, II. Gerant was sentenced to thirty-five years for the CCE conviction, twenty years to run concurrently on the conspiracy count, and twenty years on each of the three substantive distribution counts. Gerant's sentence was not subject to the United States Sentencing Guidelines, such that he became eligible for parole on Counts III, IV, and V, on or about December 25, 1997. Gerant is presently incarcerated at Federal Correctional Institution, Butner, North Carolina serving the remainder of the CCE sentence, having begun serving his sentence on April 25, 1991.

On direct appeal, Gerant questioned his denial of the right to have a jury decide the materiality issue. (Exhibit 1, Appellant's Brief). The Fourth Circuit affirmed Gerant's convictions stating that the law was well settled on the issue. Gerant filed a 28 U.S.C. § 2255 motion, again, requesting review of the materiality issue, citing *Gaudin*, and *United States v. Rutledge*, 517 U.S. 292, 116 S. Ct. 1241, 134 L. Ed. 2d 419 (1996), regarding double jeopardy and other issues. The conspiracy conviction (count I) was vacated, but the District Court ignored the other grounds for relief. An appeal was subsequently entered on behalf of Gerant, *pro se,* with the United States Court of Appeals for the Fourth Circuit on October 14, 1997. The decision in that appeal was filed on September 23, 1999, with the Fourth Circuit upholding Gerant's conviction and sentence. A Petition For Rehearing En Banc or Alternative Petition For Panel Rehearing was filed with the United States Court of Appeals for the Fourth Circuit on November 8, 1999. This petition requested that the new

Supreme Court ruling of *United States v. Richardson* be applied to Gerant's CCE conviction and sentence. The petition was denied on December 28,1999, made final on January 5, 2000, without acknowledging the *Richardson* claim for relief. No other petitions, applications or motions have been filed post-sentencing with respect to the judgement under attack in this motion. Gerant has no future sentence to be served after completing the sentence imposed by the judgement currently under attack

## III. ELEMENTS OF CCE NOT PROVEN IN GERANT'S CASE

Gerant is being held against the laws and the Constitution of the United States as the jury could not have unanimously found the elements of CCE in the offenses used to prove a "continuing series" for CCE purposes as is required under *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999).

### A. Standard of Review for *Richardson* Error

The United States Supreme Court recently held that a district court's "omission during its jury instructions of an essential element of the offense charged is subject to harmless error review." *Neder v. United States*, 527 U.S. 1, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999). The Fourth Circuit has stated: "we join our sister circuits in holding that a Richardson error is not a structural defect; rather, we hold that it is subject to harmless error analysis." *United States v. Brown*, 202 F.3d 691 (4th Cir. 2000). See also; *United States v. Escobar-De Jesus*, 187 F.3d 148, 161-62 (1st Cir. 1999). "On harmless-error review, a defendant is entitled to reversal of his conviction unless the Government can establish that the error does not effect substantial rights." *United States v. Hastings*, 134 F.3d 235, 239-40 (4th Cir. 1998). It is only when the court is confident that the error "had no or very slight effect or influence on the jury's decision," that the judgment may stand. *O'Neal v. McAninch*, 513 U.S. 432, 436-38, 115 S. Ct. 992, 130 L. Ed. 2d 947 (1995). Thus, the proper test for evaluating

harmless error is to evaluate whether "[i]s it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *Neder*, 119 S. Ct. at 1838

## B. *Richardson* Requires Elements of CCE To Be In Agreed-Upon Violations that Constitute "Continuing Series" for CCE Purposes

In order for a CCE conviction to be upheld, the elements of a CCE violation must appear in the "continuing series" of violations used to establish a CCE violation. In *Richardson v. United States*, 526 U.S. 813, 119 S. Ct.1707, 1713, 143 L. Ed. 2d 985 (1999), the Supreme Court held that in order to find a CCE violation, the jury must unanimously agree to the commission by the defendant of each of the three predicate narcotics violations required by the CCE statute. 21 U.S.C. § 848. This holding is based on the due process clause of the Fifth Amendment and the right to trial by jury in the Sixth Amendment.

In order to prove allegations of a CCE, the Government must prove beyond a reasonable doubt the following elements:

> (1) the defendant committed a felony violation of federal narcotics laws; (2) the crime was part of a "continuing series" of such violations; (3) the series of violations was undertaken in the agreement with at least five other persons; (4) the defendant managed, supervised, or organized these other persons; and (5) the defendant received substantial income or resources from the enterprise.

21 U.S.C. § 848; *United States v. Ricks*, 882 F.2d 885, 890-91 (4th Cir. 1989), *cert. denied*, 493 U.S. 1047, 110 S. Ct. 846, 107 L. Ed. 2d 841 (1990). "A 'continuing series' consists of at least three related felony narcotics violations, including the one charged." *United States v. Hall*, 93 F.3d 126, 129 (4th Cir. 1996) *citing United States v. Young*, 745 F.2d 733, 747 (2nd Cir. 1984), *cert. denied,* 470 U.S. 1084, 105 S. Ct. 1842, 85 L. Ed. 2d 142 (1985).

The *Richardson* Court held that "[t]hose requirements [the remaining elements of the CCE

statute] must be met with respect to the series, which, at a minimum, permits the jury to look at all the agreed-upon violations in combination." *Richardson* at 1713.[2] The Court made it clear that the three agreed upon violations used to find a "continuing series" *combined* must contain the remaining elements of a continuing criminal enterprise.

Thus, not only must a jury find and agree upon three or more violations to make a continuing series, but the jury must also find in that series the remaining elements: (1) the series of violations were committed in agreement with five or more participants; (2) the defendant managed supervised, or organized the five other participants; and (3) the defendant received substantial income or resources from the enterprise.

## C. Remaining Elements of CCE Are Not Present in the Violations That Can Be Used for CCE

Contrary to the requirements of the CCE statute, **none** of the required elements exist in any of the violations that can be counted for purposes of CCE in Gerant's case. The distribution charges contained in the superceding indictment are the *only* "violations" alleged at trial that fell within the statute of limitations period of five years for CCE. See 18 U.S.C. § 3282. Consequently, it is only these three distribution charges that *combined* must contain the remaining elements necessary to sustain a CCE conviction.[3] Additionally, on finding unanimous agreement on three specific

---

[2] This holding was made in response to the dissent, which stated that in addition to the jury unanimity requirement, the Government will now have to prove that the defendant managed, supervised, or organized five other persons and that the defendant derived substantial income or resources with respect to each underlying crime that the jury agrees upon. Thus, the *Richardson* court held that the remaining elements of CCE must appear in the three unanimously agreed upon acts that constitute the continuing series for CCE purposes.

[3] Specific drug violations were originally charged against Gerant but were later dismissed as they were outside the statute of limitations. Although the government offered testimony on those violations at trial, they were not available for the jury's consideration of the CCE charge, as they did not occur within the five-year statute of limitations for a CCE violation.

violations as required by Richardson of the many alleged, the Government acknowledged lack of venue on everything except counts III, IV and V, and explained that no other specific charges could be made for their consideration. (Exhibit 2, trial transcript pp. 2623-2627).

However, Counts III, IV, and V do not contain _any_ of the elements that are required to establish a CCE violation. Counts III, IV, and V do not contain _any_ evidence that Gerant was even _involved_ with five other participants; they do not show that Gerant acted as an organizer, supervisor or manager of _anyone_; and they do not show that Gerant received substantial income or resources from the violations. Rather, the distribution offenses charged in Counts III, IV, and V are the result of a hearsay statement by a witness receiving a benefit from the Government who testified that the cocaine he possessed was sold to him by Steven Silvers, who in turn said he received the drugs from Gerant:

AUSA: Mr. Jones, I am now going to move ahead to around September or so of 1986 . . .

_____

MR. JONES: That's correct.

AUSA: Approximately how much cocaine did you receive from Mr. Silvers on that occasion?

_____

MR. JONES: Five kilos.

_____

AUSA: What if anything did Mr. Silvers say to you about who that cocaine came from?

_____

AUSA: The marijuana came from a different supplier than the cocaine which he said came from the same loads that he and Tony and Jerry had been working on. I knew there was other Columbians involved but Steve never mentioned their names because

Steve liked to keep me at a distance as much as possible.

_____

(Exhibit 3, Trial Testimony, p. ~~2043~~ 2044).[4]

This testimony does not even establish that Gerant was tied to these drugs in any way. In fact, the Trial Court recognized the insufficiency and inquired as to what the connection was between Gerant and the drugs in Maryland in 1986:

> THE COURT: The problem is any evidence that Martin was getting it from other sources. You are assuming that all of this came from Florida through Mr. Jones and Mr. Gerant, but is there evidence to suggest or indicate that this was his only source of supply?

(Exhibit 4, Trial Transcript, p. 2385). The Government's response to the Trial Court's inquiry was that an inference could be made based on the testimony of Mr. Jones. (Exhibit 5, Trial Transcript, p. 2386). Thus, the Trial Court recognized that there was no direct evidence linking Gerant to Counts III, IV and V.

At most, Jones' testimony establishes a buyer/seller relationship. However, the law is well-settled in the Fourth Circuit that a mere buyer/seller relationship does not establish a CCE: ". . .the mere showing of a buyer-seller relationship including the 'fronting' of drugs, i.e., selling drugs on credit . . . does not alone establish organization, supervision or management for purposes of the CCE statute." _United States v. Butler_, 885 F.2d 195, 200 (4th Cir. 1989).

There is no evidence in any of these three violations to establish that Gerant organized,

_____

[4] This double hearsay statement was changed from previous testimony made in the _Seeright trial_, as noted in previous briefs.

supervised, or managed five or more persons, nor that Gerant received substantial income or resources from the violations. Hence, Gerant is being unlawfully detained in violation of the laws of the United States.

## D. The Legislative Intent Was That Remaining Elements of CCE Be Included in the "Continuing Series"

The legislative history of the CCE statute supports the conclusion that it was the intent of Congress for the three agreed-upon violations that constitute a "continuing series" to contain the remaining elements set out in the CCE statute.

The CCE statute was drafted as part of the Drug Abuse Prevention and Control Act of 1970, Pub. L. No. 91-513, 84 Stat. 1242 (codified as amended 21 U.S.C. §§ 801-971) (1988). It was designed to penalize the "top brass." *Garrett v. United States*, 471 U.S. 773, 781 (1985). In other words, those in a position of management or authority in the drug arena not the "lieutenants and foot soldiers." *Id.* at 781. The bill that was enacted to become part of the Comprehensive Drug Abuse Prevention and Control Act of 1979 was H.R. 18583.

However, in an effort to address due process concerns, Representative Dingell proposed an amendment to the bill. "Under the Dingell amendment, if you are going to prove a man guilty, you have to come into court and prove every element of the continuing criminal offense." *Id.* at 784 Ultimately, Dingell's amendment was passed as §848 and as such made engaging in CCE "a new and distinct offense with all of its elements triable in court." H.R. Rep. No. 91-1444, pt. 1, pp. 83-84 (1970) (additional views). The acceptance of Dingell's amendment strongly suggests that Congress' intent was for every element that constitutes a CCE offense to be proved in order to prevent a due

process violation.

## F. Failure to Find Elements of CCE Was Not Harmless Error

Gerant's CCE conviction should be reversed because the *Richardson* error was *not* harmless error. The jury convicted Gerant without finding the remaining elements of CCE in the three violations that created a series for CCE purposes. Without this jury omission Gerant would not be incarcerated. No continuing criminal enterprise elements were present in the only possible three agreed upon violations (nor in any other alleged violation argued by the Government), such that *Richardson* requires that the continuing criminal enterprise conviction be reversed.

## IV. MATERIALITY DECIDED BY COURT VIOLATES GERANT'S CONSTITUTIONAL RIGHTS

Gerant's current incarceration is in violation of the United States Constitution, as that incarceration is based on the Trial Court's decision that Gerant materially breached his agreement with the government. However, the materiality of any alleged breach by Gerant should have been decided by the jury, not the trial court, pursuant to *United States v. Gaudin*, 115 S. Ct. 2310 (1995), and *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000).

## A. Standard Of Review For Failure to Submit Materiality to Jury

The standard of review for evaluating a district court's failure to submit the question of materiality to the jury is the harmless error analysis. "In both cases – misdescriptions and omissions – the erroneous instruction precludes the jury from making a finding on the actual element of the offense." *Neder v. United States*, 527 U.S. 1, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999).

"The test for determining whether a constitutional error is harmless is whether it appears

– the erroneous instruction precludes the jury from making a finding on the actual element of the offense." *Neder v. United States*, 527 U.S. 1, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999).

"The test for determining whether a constitutional error is harmless is whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Neder v. United States,* 119 S. Ct. 1827 (1999). Further:

> [c]ases which defy harmless-error analysis review contain a defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself. Such errors infect the entire trial process and necessarily render a trial fundamentally unfair. Put another way, these errors deprive defendants of basic protections without which a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence and no criminal punishment may be regarded as fundamentally fair.

*Neder v. United States,* 119 S. Ct. 1827 (1999).

## B. Trial Court Decided Materiality of Gerant's Alleged Misrepresentations

The Trial Court determined that the materiality of an alleged breach of the contract was not required to be decided by a jury, and thus decided the question of materiality. The Trial Court found that by entering into the agreement with the Government, Gerant provided a substantial amount of truthful information used for the benefit of the Government. Specifically, the Trial Court stated that "[c]ertainly there is no question if you look at it that there is a lot that is truthful and supported by a lot of other facts in the Silvers case and in this case." (Exhibit 6, Trial Transcript p. 2269). Likewise, the Trial Court also stated that "[m]y opinion merely found that [Gerant] lied in *certain discrete areas.* I emphasized that he was required to be completely truthful." (Emphasis added; Exhibit 6, Trial Transcript p. 2269). On the basis of the Trial Court's decision that Gerant had lied

was "material" for purposes of allowing the Government to retract its contract. *United States v. Gerant,* 775 F.Supp. 182 (D. Md. 1991). The Trial Court stated that no cases have been discovered regarding this issue. In fact, when the case reached the Court of Appeals for the Fourth Circuit, no precedent was available to assist in evaluating whether or not the issue of materiality was to be determined by the judge or a jury of peers. Consequently, the Appellate Court held that Gerant did not have a right to a jury determination of wether or not the alleged false statements in the Silvers trial in 1988 were indeed a material breach of the agreement between the United States Government and Gerant.

## C. *Gaudin* and *Apprendi* Require Jury Verdict as to Materiality

However, subsequent to Gerant's hearing on the alleged breaches of the contract, and subsequent to his direct appeal, the United States Supreme Court ruled on this same issue and determined that the question of "materiality" is to be determined by a jury - not a court. *Gaudin,* supra.

### 1. *United States v. Gaudin*

In *Gaudin,* the Supreme Court reversed the defendant's perjury conviction and held:

The Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged. The trial judge's refusal to allow the jury to pass on the 'materiality' of Gaudin's false statement infringed that right.

*Gaudin,* 515 U.S. at 522.

Additionally, the *Gaudin* court stated:

Indeed, our cases have recognized in other contexts that the materiality inquiry, involving as it does 'delicate assessments of the inferences of a 'reasonable

[decisionmaker]' would draw from a given set of facts and the significance of those inferences to him ... [is] peculiarly on[e] for the trier of fact. TSC Industries, Inc. v. Northway, Inc., 426 U.S. 438, 450, 96 S.Ct. 2126, 2133, 48 L.Ed.2d 757 (1976) (securities fraud); McLanahan v. Universal Ins. Co., 26 U.S. (1 Pet.) 170, 188-189, 191, 7 L.Ed.2d 98 (1828) (materiality of false statements in insurance applications).

*Gaudin,* 515 U.S. at 512.

2. *Apprendi v. New Jersey*

Further, the United States Supreme court in its recent decision in *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), stated that "[t]his court has recently reaffirmed that juries, and not judges, must decide critical issues in a criminal case." *See also Johnson v. United States*, 520 U.S. 461, 117 S. Ct. 1544, 137 L. Ed. 2d 718 (1997) (holding the materiality of a false statement had to be submitted to the jury, rather than being decided by the trial judge); and *United States v. Sarihifard*, 155 F.3d 301 (4th Cir. 1998) ("As materiality is an essential element of both perjury and making false statements, a defendant is entitled to have a jury decide the question of whether a false statement was [material] . . ").

Thus, pursuant to *Gaudin* and *Apprendi,* whether any breach by Gerant of the agreement was material should have been determined by a jury and not the Trial Court, especially where, as here, the Trial Court's finding of a material breach resulted in the equivalent of a directed verdict of guilt.

**D. Failure To Submit Materiality Issue To The Jury Was Not Harmless Error**

Whether Gerant's alleged untruthfulness, in only "certain discrete areas," constituted a material breach of the agreement is left unresolved because materiality is a question to be submitted to and decided by the jury. The materiality of the alleged breaches in the agreement was decided by the Trial Court as it was without existing precedent with which to guide its decision. Had the

question of materiality been submitted to a jury, it is extremely likely that Gerant would never have even been prosecuted. In similar circumstances where *Gaudin* has been applied, the Fourth Circuit has stated that "we are convinced that notice of the plain error is warranted. First, there is no evidence in the record as to whether the district court determined that materiality had been proven by a reasonable doubt. Second, even assuming that the district court did find [the defendant's] false statement material under the correct burden of proof, a jury could conceivably have concluded that materiality was not ultimately proven." *United States v. David,* 83 F.3d 638 (4th Cir., 1996).

Gerant contends the alleged false statements at Silvers' trial were in fact part of the Government's strategy, and were offered after extensive debriefing based on mutual best interest at the time. The Silvers jury, the ultimate finders of fact, found all defendants in *Silvers v. United States* guilty. Gerant also contends that the events did happen as were testified to in the Silvers trial, and subsequent proceedings show only that over time there are different versions as seen by other witnesses. As in *David,* Gerant is charged with committing a crime against the Government, and as the Supreme Court emphasized in *Gaudin,* "the power of the jury... is most important precisely when it is a prosecution not for harming another individual but for offending against the government itself."

However, Gerant is incarcerated as a result of an attempt by the Trial Court to resolve a question that should rest exclusively with a jury of one's peers as demonstrated by *Gaudin* and *Apprendi.* This error deprived Gerant of fundamental constitutional rights granted by the United States Constitution. The court in *Gaudin* held that the Trial Court's refusal to submit the question

of materiality to the jury was unconstitutional. Specifically, it is well established that pursuant to the Sixth Amendment to the Constitution of the United States "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury . . ." *Duncan v. Louisiana*, 391 U.S. 145 (1968). The court in *Duncan* concluded that the right to trial by a jury of peers in criminal cases is "fundamental to the American scheme of justice." at 276. Moreover, the Fifth Amendment to the United States Constitution provides that "no one will be deprived of liberty without 'due process of law'." Gerant entered into a contract with the Government that "invokes the same constitutional due process concerns as the plea agreement, and therefore in this Circuit, the breach of such agreement must be proved by a preponderance of the evidence." *Gerant,* supra, citing *United States v. Conner*, 930 F.2d 1073 (4th Cir. 1991). And, as stated by this Court in *United States v. Gerant*, 775 F. Supp. 182, 184 (4th Cir, 1991), any type of an agreement between the Government or a defendant includes "not only principles of contract law *but also considerations of due process.*" Emphasis added.

As such, Gerant's evidentiary hearing in the district court was not sufficient to satisfy the requirements of due process in light of *Gaudin*. This error cannot be harmless

## V. CONCLUSION

For the reasons stated in this Petition, Gerant asks the Court to grant this Petition for Writ of Habeas Corpus and reverse his CCE conviction, and for all other relief the Court deems necessary and just.

Respectfully submitted,

_(signature)_

John Gerald Gerant - Pro Se

L.S.C.F. - Butner Gran-A
Reg. #83044071
P.O. Box 0999
Butner, North Carolina 27509-0999

## CERTIFICATE OF SERVICE

This is to certify that on the 30 day of November, 2000, a true and correct copy of this Habeas Corpus Petition was served via United States mail, return receipt requested, on the Assistant United States Attorney.

_(signature)_

John Gerald Gerant

**\*\*PARTIALLY SCANNED DOCUMENT\*\***

THIS IS A PARTIALLY SCANNED DOCUMENT.
PLEASE SEE THE CASE FILE FOR ANY
ATTACHMENTS OR OTHER MATERIALS WHICH
HAVE NOT BEEN SCANNED.

**\*\*PARTIALLY SCANNED DOCUMENT\*\***